# Third District Court of Appeal

## State of Florida

Opinion filed February 10, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D19-998
Lower Tribunal No. 14-28702
_____

**Eduardo Fernandes Acevedo,**
Appellant,

vs.

**R.J. Reynolds Tobacco Company,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Daryl E. Trawick, Judge.

Parafinczuk Wolf Susen, P.A., and Justin R. Parafinczuk and Austin Carr (Fort Lauderdale); Burlington & Rockenbach, P.A., and Bard D. Rockenbach and Jeffrey V. Mansell (West Palm Beach), for appellant.

King & Spalding LLP, and Scott Michael Edson (Washington, DC) and William L. Durham, II (Atlanta, GA), for appellee R.J. Reynolds Tobacco Company.

Before EMAS, C.J., and LOGUE and MILLER, JJ.

PER CURIAM.

Eduardo Fernandes Acevedo appeals the trial court's order granting summary judgment in favor of R.J. Reynolds Tobacco Company on Acevedo's strict liability and negligence claims. Acevedo contends that R.J. Reynolds failed to meet its burden under Florida Rule of Civil Procedure 1.510,[1] and further contends that genuine issues of material fact preclude summary judgment.

Our standard of review of an order granting summary judgment is *de novo*, and we review the record in a light most favorable to the non-movant to determine whether there exist genuine issues of material fact that preclude summary judgment. Belanger v. R.J. Reynolds Tobacco Co., 140 So. 3d 598, 599 (Fla. 3d DCA 2014). Upon our careful review of the record, we agree that the trial court erred in granting summary judgment, as genuine

---

[1] We note that the Florida Supreme Court recently amended Florida Rule of Civil Procedure 1.510(c). See In re: Amendments to Florida Rule of Civil Procedure 1.510, No. SC20-1490 (Fla. Dec. 31, 2020). The amendatory language provides:

> The summary judgment standard provided for in this rule shall be construed and applied in accordance with the federal summary judgment standard articulated in *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); and *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986).

We do not apply the newly adopted standard to the instant case, however, because the effective date of the amendment to rule 1.510 is May 1, 2021.

issues of material fact remain in dispute regarding the existence of a design defect as well as legal causation.

Reversed and remanded for further proceedings.